IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH E. LAWRENCE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, WARDEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 15-77-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On June 29, 2015, Petitioner Joseph E. Lawrence filed this action seeking a writ of mandamus , presumably under Mont. Code. Ann. § 27-26-102. This Court is a federal court. State law does not control. A federal court has no jurisdiction to issue a writ of mandamus to a state court. 28 U.S.C. § 1651; *Demos v. United States Dist. Court*, 925 F. 2d 1160, 1161 (9th Cir. 1991). A federal court has no appellate jurisdiction over a state court or a state executive agency. *In re Gruntz,* 202 F. 3d 1074, 1078-79 (9th Cir. 2000) (en banc). Petitioner must attempt to obtain the relief he seeks in the state court. Because the action is plainly misguided, and because Petitioner already has a direct appeal pending in the Montana Supreme Court, any appeal of this matter would be in bad faith. *See State v. Lawrence*, No. DA 14-720 (Mont. Filed Nov. 30, 2014).

Based on the foregoing, the Court enters the following:

# RECOMMENDATION

1. Mr. Lawrence's petition (Doc. 1) should be DISMISSED for lack of jurisdiction. All pending motions should be MOOT.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. The District Court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from its disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lawrence may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Lawrence must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 10th day of July, 2015.

                                               /s/ *Jeremiah C. Lynch*
                                              Jeremiah C. Lynch
                                              United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.